```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                   **CRIMINAL ACTION NO. 2:09-00044**

**BRIAN LAMAR VINEYARD**

<u>**O R D E R**</u>

Pending before the Court are motions filed by the defendant <u>pro se</u> on May 14, 2010, and November 2, 2011, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.

The defendant was sentenced on November 3, 2009, to a period of 84 months imprisonment, to which an additional 12 months was imposed upon revocation of supervised release, as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).  The career offender guideline resulted in the defendant having been assigned a Total Offense Level of 29, with a Criminal History category of VI, yielding an advisory guideline range of 151 to 188 months.  If not for the defendant's career offender status, he would have received a Base Offense Level of 13, with a Criminal History category of IV, yielding an advisory guideline range of 24 to 30 months, inasmuch as he was held accountable for 1.16 grams of cocaine base.  Although the court granted a downward variance based on the small quantity of cocaine base involved in the offense and the nature of the defendant's two prior felony controlled substance convictions, the court did not grant an overrepresentation departure from the career offender guideline, nor did it rely on the crack guidelines in calculating the extent of its variance. See, United States v. Munn, 595 F.3d 183, 192 (4th Cir. 2010) ("[A] defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on Amendment 706 if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the Crack Guidelines in calculating the extent of the departure.").  As

just noted, neither of those two required conditions is met here.  Thus, the defendant is not entitled to relief under the retroactive amendment that modified that guideline section.

      The court, accordingly, **ORDERS** that defendant's motions to modify sentence be, and they hereby are, denied.

      The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER: April 7, 2014

_____
John T. Copenhaver, Jr.
**United States District Judge**